IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES F. NEWPORT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 08-00631-CV-W-DGK |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss (Doc. #9) Plaintiff's Petition for Recusal Mandamus. Plaintiff responded to the Motion to Dismiss (Doc. #10), and Defendant filed a Reply (Doc. #13), thus the Motion is ripe for ruling. Plaintiff has also filed a Motion to Strike Defendants' Motion to Dismiss (Doc. #17), a Motion to Supplement Authorities (Doc. #19), and a Motion to File a Motion to Remove (Doc. #21), all of which are DENIED. For the following reasons, Defendants' Motion to Dismiss is GRANTED.

**Factual and Procedural Background**

Newport, acting pro se, filed his Petition for Recusal Mandamus seeking an order recusing the Administrative Law Judge who heard his administrative case and to vacate and rehear the case. Newport complains that the ALJ had an improper ex parte communication that led to the improper dismissal of his charge.

Newport, a former employee of Florida Power & Light Company ("FPL") filed an administrative complaint with the Department of Labor when FPL terminated him. Newport contended that he was terminated for raising concerns about nuclear safety, and brought his claim pursuant to the Energy Reorganization Act, which protects certain employees from

retaliation for a particular type of whistleblowing.  During a discovery conference on March 1, 2006, the ALJ instructed Newport not to threaten anyone in the case.  At an evidentiary hearing later in March, counsel for FPL informed the ALJ that Newport had drawn his finger across his throat when one of the FPL witnesses said hello to him in the hall.  The ALJ questioned Newport about the incident and he admitted making the gesture.  The ALJ entered a Recommended Order dismissing Newport's complaint as a sanction for violating the previous order not to threaten witnesses.  The Department of Labor's Administrative Review Board conducted a de novo review, accepted the Recommended Order, and dismissed Newport's claim.  Newport then filed his Petition in this Court.

## Standard of Review

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, --, 127 S. Ct. 1955, 1964 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Bell Atlantic*, 127 S. Ct. at 1964-65 (internal citations omitted)).  When reviewing a motion to dismiss, the court must construe the complaint liberally, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  *Bell Atlantic*, 127 S. Ct at 1964-65.

Because Plaintiff is proceeding pro se, his Complaint must be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, --, 127 S. Ct. 2197, 2200 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d

1043, 1043-44 (8th Cir. 2002) (*per curiam*) (holding that a pro se plaintiff's allegations must be construed liberally for purposes of a motion to dismiss). "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle*, 429 U.S. at 106).

## Analysis

Defendants move to dismiss arguing that (1) the Court does not have subject matter jurisdiction over Newport's Petition, and (2) even if Newport were to somehow establish subject matter jurisdiction, his Petition fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). Because the Court finds that it does not have subject matter jurisdiction, it does not address the argument regarding failure to state a claim.[1]

The Energy Reorganization Act specifically allows for enforcement by mandamus: "Any nondiscretionary duty imposed by this section shall be enforceable in a mandamus proceeding brought under section 1361 of Title 28." 42 U.S.C. § 5851(f). The Act also contains a specific procedure for review of an order:

> (1) Any person adversely affected or aggrieved by an order issued under subsection (b) of this section may obtain review of the order in the United States court of appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred. The petition for review must be filed within sixty days from the issuance of the Secretary's order. Review shall conform to chapter 7 of Title 5. The commencement of proceedings under this subparagraph shall not, unless ordered by the court, operate as a stay of the Secretary's order.

---

[1] Newport has also moved for permission to file a Motion to Remove pursuant to 42 U.S.C. § 5851(b)(4), which provides that if the Secretary fails to issue a decision within one year of the filing of a complaint, complainant may bring an action for de novo review in an appropriate district court. Newport asserts that the Secretary did not issue a decision within a one year period. Newport did not file this action before the decision was issued, however, and § 5851(b)(4) does not therefore apply to his action. Because Newport's action falls under the direct appeal provision in § 5851(c)(1), he is barred by § 5851(c)(2) from attempting to reframe his action to seek alternative judicial review.

>   (2) An order of the Secretary with respect to which review could have been obtained under paragraph (1) shall not be subject to judicial review in any criminal or other civil proceeding.

42 U.S.C. § 5851(c).

Here, Plaintiff seeks review under the mandamus portion of the statute (§ 5851(f)) and ignores the statutory review procedure (§ 5851(c)). While it is true that the district courts have original jurisdiction over mandamus actions, 28 U.S.C. § 1361, not every action may be framed as a writ of mandamus in an attempt to confer jurisdiction. "[T]he writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Hatcher v. Heckler*, 772 F.2d 427, 432 (8th Cir. 1985). In other words, "'[a] party seeking issuance of a writ of mandamus must 'have no other adequate means to attain the relief he desires and [must show that his] right to issuance of the writ is clear and undisputable.'" *Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005) (quoting *In re Mo. Dep't of Natural Res.*, 105 F.3d 434, 436 (8th Cir. 1997) (alteration in original)).

The Energy Reorganization Act itself makes clear that mandamus is available only to compel a nondiscretionary duty. 42 U.S.C. § 5851(f); *accord Rural Electrification Admin. v. N. States Power Co.*, 373 F.2d 686, 694 n.14 (8th Cir. 1967) (noting that courts can never use mandamus to influence an agency's discretion, but may use it to compel the exercise of discretion); *Smith v. United States*, 83 F.2d 631, 639 (8th Cir. 1936) ("Mandamus seeks, not to control the exercise of discretion, but only to compel ministerial action unlawfully or arbitrarily withheld."). An example of a nondiscretionary duty for which mandamus would be an appropriate remedy would be to compel a timely decision from the Secretary in a matter such as this one. *Cf. Kilpatrick v. Bowen*, 644 F. Supp. 1094, 1095 (W.D. Mo. 1986) (Hunter, J.)

(holding, in the social security context that the court could "under certain circumstances issue a writ of mandamus compelling the Secretary to make his final decision without further administrative delays") (citing *Queenan v. Heckler*, 581 F. Supp. 1216 (S.D.N.Y. 1984)).

Here, Newport clearly has not "exhausted all other avenues of relief." *Hatcher*, 772 F.2d at 432. Newport failed to pursue the specific relief available in 42 U.S.C. § 5851(c): direct appeal of the decision to the appropriate court of appeals. Newport's failure to exhaust his available administrative relief divests this Court of subject matter jurisdiction. *Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (affirming district court's conclusion that plaintiff's "failure to exhaust his available administrative remedies deprived the court of subject matter jurisdiction").

Moreover, as Defendants point out, the Energy Reorganization Act specifically precludes mandamus review in circumstances such as these in which Newport failed to take advantage of his direct appeal rights: "An order of the Secretary with respect to which review could have been obtained under paragraph (1) [providing for direct review] shall not be subject to judicial review in any criminal or other civil proceeding." 42 U.S.C. § 5851(c)(2). The Eighth Circuit has found that these statutory remedies are exclusive to the respective courts. *Ellis Fischel State Cancer Hosp. v. Marshall*, 629 F.2d 563, 566 (8th Cir. 1980) (holding that court of appeals had no jurisdiction to enforce terms of Secretary's order under § 5851(f), but reviewing order as a direct appeal under § 5851(c)); *see also Defenders of Wildlife v. Adm'r, Envtl. Prot. Agency*, 882 F.2d 1294, 1299 (8th Cir. 1989) ("When Congress has established a special statutory review procedure for administrative actions, we generally treat that procedure as the exclusive means of review.").

The review that Newport seeks plainly is within the ambit of § 5851(c)(1): Newport was "adversely affected or aggrieved by an order issued" by the Secretary. Under the statute, his relief is limited to a direct appeal to "the United States court of appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred." 42 U.S.C. § 5851(c)(1). Because Newport failed to exhaust this option, the Court lacks subject matter jurisdiction over his Petition, and the Defendants' Motion to Dismiss is GRANTED.

    /s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT

Date: April 9, 2009